Cavanagh, J.
I dissent and would affirm the decision of the Court of Appeals. The trial court improperly admitted evidence of defendant’s 1992 drug conviction. The Court of Appeals correctly stated that the evidence “was not probative of anything other than defendant’s propensity to commit the crime.”[1] Further, even if there were any probative value, it was substantially outweighed by the danger of unfair prejudice.
The majority fails to analyze whether the admission was error, reasoning that even if it was, it was harm *430 less because of the “strength of the prosecution’s case.” Ante at 428. I disagree because I do not think the prosecution’s case was so strong that the admission of defendant’s prior drug conviction was harmless. There was evidence that other people regularly visited the house. Because the drugs were hidden outside the house, it is possible that one of the visitors hid the drugs there. Why would defendant hide drugs outside his own house, possibly exposing the drugs to theft or the elements, when he could hide them inside his house? Additionally, defendant’s cousin, not defendant, was the subject of the investigation for the earlier sale. Defendant’s cousin made the initial sale to an informant outside defendant’s residence, which is why the search warrant was for defendant’s residence. Moreover, other people lived in the house.
More importantly, I do think it is likely that the admission of the prior drug offense was, more probably than not, outcome determinative. I disagree with the majority that because the prosecution referenced three larceny convictions to attack defendant’s credibility, the reference to the drug offense (also to attack defendant’s credibility) was harmless. The jury probably did not use the prior drug offense to determine defendant’s credibility. Rather, the jury likely considered it as evidence that defendant sold drugs in the past and probably still sold them and, therefore, the drugs at issue were his.[2]
*431 Because I would hold that admitting evidence of the prior conviction was error and would further hold that the error was not harmless, I would affirm the decision of the Court of Appeals.
Kelly, J., concurred with Cavanagh, J.

 Unpublished opinion per curiam, issued November 9, 1999 (Docket No. 208360). Slip op, p 2.

 Defendant did confess to the police officers that the drugs were his, however, I agree with the Court of Appeals that defendant presented evidence that he did so only because the police officers threatened to arrest his fiancée.